IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL A. SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-3445 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| HEALTHCARE AND FAMILY | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendant | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on the Motion to Dismiss (d/e 7) filed by Defendant Illinois Department of Healthcare and Family Services (HFS). In his Complaint, Pro Se Plaintiff Michael A. Sanders alleges that Defendant discharged him from employment in violation of the Americans with Disabilities Act. 42 U.S.C. §§ 12101 et seq. (ADA). For the reasons that follow, Defendant's Motion to Dismiss is GRANTED.

# I. FACTS

On December 21, 2011, Plaintiff filed his Complaint against Defendant HFS. The Complaint alleges as follows.

At all times relevant to this case, Plaintiff was employed as a data processing technician with HFS. Plaintiff, as an employee of state government, and HFS are bound to the terms of the American Federation of State, County and Municipal Employees (AFSCME) contract. The AFSCME contract contains an Affirmative Attendance Policy Memorandum of Understanding (AFSCME MOU).

On March 16, 2010, "Plaintiff began employment at HFS as a result of a layoff which violated the terms of the AFSCME contract." Prior to the layoff from his previous job, Plaintiff was unable to sleep for two or three consecutive days because of work-related stress due to harassment. Plaintiff was prescribed Ambien to help him sleep.

Plaintiff's work-related stress continued unabated after he began working at HFS. Plaintiff's physician doubled Plaintiff's dosage of Ambien.

Prior to working for HFS, Plaintiff worked for an unidentified unit of state government that operated 24 hours a day, 7 days a week. While working at this unnamed agency, Plaintiff could report unscheduled absences, without disciplinary repercussions, to his employer for the 17 consecutive hours beginning after the end of his normal work shift.

As stated, on March 16, 2010, Plaintiff was placed at HFS. HFS operates only 8 hours a day, 5 days a week. At HFS, Plaintiff was required to report unscheduled absences within one hour of the start of his normal work shift.

Between May 4, 2010 and September 3, 2010, "Plaintiff accumulated 7 disciplinary infractions, under the AFSCME MOU, for reporting unscheduled absences more than 1 hour after the start of his normal work shift."

On October 27, 2010, Plaintiff participated in a telephone conference, apparently regarding Case No. 09-3207 (another case involving Plaintiff) with United States Magistrate Judge Charles Evans[1];

---

[1] United States Magistrate Judge Charles Evans has since retired.

Assistant Attorney General Amy Romano; and Plaintiff's counsel in another case, James Baker. During this telephone conference, attorney Baker withdrew as legal counsel for Plaintiff at Plaintiff's request and with the Court's approval. The Court then granted a partial stay of the proceedings to allow Plaintiff to retain new counsel. On October 28, 2010, HFS initiated discharge proceedings against Plaintiff which resulted in his discharge on November 23, 2010.

According to the Complaint, the "discharge violated the terms of the AFSCME MOU as the AFSCME MOU requires an employee to accumulate 12 attendance[-]related infractions prior to discharge." Plaintiff also alleges that he "was subjected to terms which were contrary to his rights" under 42 U.S.C. § 12112(b)(2), 42 U.S.C. § 12112(b)(5)(A), and 42 U.S.C. § 12203 of the ADA when he was: (1) "transferred to HFS in violation of the AFSCME contract on March 16, 2010"; (2) "suspended by HFS from July 19, 2010 through August 8, 2010 in violation of the AFSCME MOU"; (3) "placed on suspension pending discharge from November 1, 2010 through November 23, 2010

in violation of the ASCME MOU"; and (4) "discharged by HFS on November 23, 2010 in violation of the AFSCME MOU."

## II.  JURISDICTION AND VENUE

This Court has subject matter jurisdiction because Plaintiff asserted claims based on federal law.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").  Venue is proper because the events giving rise to the claim occurred within the judicial district of this Court.  See 28 U.S.C. § 1391(b)(2) (a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

## III.  LEGAL STANDARD

Under Rule 12(b)(6), dismissal is proper where a complaint fails to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6). To state a claim upon which relief can be granted, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  That statement must

be sufficient to provide the defendant with "fair notice" of the claim and its basis.  Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929, 940 (2007).  This means that: (1) "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level."  EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007).  While detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do."  Twombly, 550 U.S. at 555, 127 S. Ct. at 1965, 167 L. Ed. 2d at 940.  Conclusory allegations are "not entitled to be assumed true."  Ashcroft v. Iqbal, 556 U.S. 662, 681, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868, 885 (2009).  "In ruling on Rule 12(b)(6) motions, the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party."  In re marchFIRST Inc., 589 F.3d 901, 904 (7th Cir.

2009) (citing Tamayo, 526 F.3d at 1081).

IV. ANALYSIS

Plaintiff's Complaint states that he "was subjected to terms which were contrary to his rights under" § 12112(b)(2) and § 12112(b)(5)(A) of the ADA when he was transferred to HFS in violation of the AFSCME Contract and was suspended, placed on suspension pending discharge, and ultimately discharged in violation of the AFSCME MOU. The Complaint also states these actions violated § 12203 of the ADA. Because Plaintiff has failed to state a claim under any of these provisions, HFS's Motion to Dismiss will be granted.

A. Plaintiff Has Not Sufficiently Alleged Discrimination Under Sections 12112(b)(2) and 12112(b)(5)(A) of the ADA

The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment." 42 U.S.C. § 12112(a). As stated, Plaintiff's Complaint cites §§ 12112(b)(2) and (b)(5)(A) of the ADA. These sections provide that the

term "discriminate against a qualified individual on the basis of disability" includes:

> (2) participating in a contractual or other arrangement or relationship that has the effect of subjecting a covered entity's qualified applicant or employee with a disability to the discrimination prohibited by this subchapter (such relationship includes a relationship with an employment or referral agency, labor union, an organization providing fringe benefits to an employee of the covered entity, or an organization providing training and apprenticeship programs);
>
> . . .
>
> (5)(A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity.

42 U.S.C. §§ 12112(b)(2), (b)(5)(A).

Plaintiff has not stated a claim for discrimination in violation of § 12112(b)(2) or § 12112(b)(5)(A). Plaintiff has only alleged that the adverse job actions taken against Plaintiff by HFS violated the AFSCME Contract and AFSCME MOU. There are no allegations that HFS participated in a contractual or other arrangement or relationship that

had the effect of subjecting Plaintiff to the discrimination prohibited by the ADA.  See 42 U.S.C. § 12112(b)(2).  The Complaint is also lacking any allegations regarding HFS's failure to make a reasonable accommodation for Plaintiff's known physical or mental limitations.  See 42 U.S.C. § 12112(b)(5)(A).  In fact, the Complaint lacks any mention of Plaintiff's alleged physical or mental limitations.

Moreover, "[t]o make out a claim under the ADA, an individual must show:  (1) that [he] is disabled; (2) that [he] is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) that the employer took an adverse job action against [him] because of [his] disability or failed to make a reasonable accommodation."  Stevens v. Illinois Dept. of Transp., 210 F.3d 732, 736 (7th Cir. 2000).  The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities," "a record of such an impairment," or "being regarded as having such an impairment."  42 U.S.C. § 12102(1).  As alluded to above, Plaintiff has not identified a physical or mental impairment.

Instead, the Complaint alleges that prior to the date his employment with HFS began, Plaintiff had experienced work-related stress that repeatedly caused him to be unable to sleep for two or three consecutive days. The Complaint then alleges that after his employment began with HFS, the work-related stress continued unabated. However, Plaintiff does not relate these allegations to his assertions that he was discharged based on a disability. In fact, Plaintiff does not even identify what disability Plaintiff suffered from at the time HFS suspended and ultimately discharged him. The Complaint is silent in this respect. Instead, the allegations on the face of Plaintiff's Complaint appear to allege that Plaintiff was discharged because he failed to report unscheduled absences in a timely manner and that his transfer, suspension, and discharge violated the AFSCME Contract and AFSCME MOU. Plaintiff has not stated a claim that he was discriminated because of a disability.

Moreover, the ADA only protects individuals "who, with or without reasonable accommodation, can perform the essential functions

of the employment position that such individual holds or desires." Gile v. United Airlines, Inc., 95 F.3d 492, 496 (7th Cir. 1996) (quoting 42 U.S.C. § 12111(8)). The Complaint does not contain any allegation that Plaintiff was qualified to perform the essential functions of the job with or without reasonable accommodation. See E.E.O.C. v. Supervalu, Inc., 674 F. Supp. 2d 1007, 1011 (N.D. Ill. 2009) (complaint failed to assert that the plaintiff was qualified to perform the essential functions of job with or without reasonable accommodation where the complaint simply alleged that the plaintiff "was a qualified individual with a disability within the meaning of Section 101(8) of the ADA").

For these reasons, Plaintiff's has failed to state a claim under § 12112(b)(2) and § 12112(b)(5)(A) of the ADA.

### B. Plaintiff Has Not Stated a Claim Under Section 12203 of the ADA for Retaliation or Interference

In his Complaint, Plaintiff also cites § 12203 of the ADA. Section 12203 of the ADA prohibits retaliation and interference, coercion, or interference. See 42 U.S.C. 12203(a), (b). Section 12203(a) states that "[n]o person shall discriminate against any individual because such

individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). Moreover, § 12203(b) states that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter." 42 U.S.C. § 12203(b).

The elements of a retaliation claim under the ADA are: (1) the plaintiff was engaged in protected activity; (2) the retaliator knew that the plaintiff was involved in protected activity; (3) the plaintiff suffered an adverse decision or course of action; and (4) a causal connection between the protected activity and adverse action. Hale v. Pace, 2011 WL 1303369, at *6 (N.D. Ill. 2011). To allege a claim of interference, Plaintiff must meet the same requirements necessary to assert a claim for

retaliation under § 12203(a).  See Olian v. Bd. of Educ. of the City of Chicago, 631 F. Supp. 2d 953, 966 (N.D. Ill. 2009) (the methods for showing retaliation are appropriate for claims under § 12203(b) as well)).  Moreover, the Court's finding that Plaintiff has not alleged he was disabled under the ADA or stated a discrimination claim under § 12112(b)(2) and § 12112(b)(5)(A) of the ADA is not fatal to Plaintiff's retaliation or interference claim under § 12203.  See Turner v. The Saloon, Ltd., 595 F.3d 679, 690 (7th Cir. 2010) (stating that the fact a plaintiff is not disabled under the ADA is not fatal to his ADA retaliation claim).

Plaintiff's Complaint does not specify under which part of § 12203 he is proceeding or whether he is proceeding under both a retaliation theory and an interference, coercion, or intimidation theory.  However, Plaintiff's failure to specify which section he is proceeding under is of no moment as Plaintiff has not sufficiently alleged a claim under either section.

Plaintiff's Complaint does not allege that HFS discriminated

against Plaintiff for opposing any act or practice made unlawful by the ADA or because Plaintiff made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the ADA.  Moreover, Plaintiff's Complaint does not allege that HFS coerced, intimidated, threatened, or interfered with Plaintiff's exercise or enjoyment of, or on account of Plaintiff having exercised or enjoyed, or on account of Plaintiff having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the ADA.  As stated above, Plaintiff has simply alleged that HFS suspended him, placed him on suspension pending discharge and discharged him in violation of the AFSCME Contract and AFSCME MOU, apparently for his failure to notify HFS of unscheduled absences in a timely manner.

      Plaintiff's allegations do not sufficiently state a claim for retaliation or interference because Plaintiff does not allege HFS transferred, suspended, or discharged Plaintiff because of any activity by Plaintiff

that is protected by the ADA.[2]  Simply put, Plaintiff's Complaint does not state what protected activity he engaged in that HFS interfered with or retaliated against him for.

V.  CONCLUSION

For the reasons stated, Defendant HFS's Motion to Dismiss (d/e 7) is GRANTED.  Plaintiff is given leave to file an amended complaint by May 17, 2012.  If Plaintiff does not file an amended complaint on or before May 17, 2012, this case will be closed.

ENTER: April 17, 2012

FOR THE COURT:

                                  s/Sue E. Myerscough
                                 SUE E. MYERSCOUGH
                     UNITED STATES DISTRICT JUDGE

---

[2] In fact, the Complaint does not allege that HFS had any role in the decision to transfer Plaintiff to HFS.