IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL A. SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 11-3445 |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| HEALTHCARE AND FAMILY | ) |
| SERVICES, | ) |
| | ) |
| Defendant. | ) |

## OPINION

RICHARD MILLS, U.S. District Judge:

This is an action wherein Pro Se Plaintiff Michael A. Sanders ("the Plaintiff" or "Sanders") alleges Defendant Illinois Department of Healthcare and Family Services ("the Defendant" or DHFS) violated his rights under the Americans with Disabilities Act (ADA), contending DHFS committed violations pursuant to the ADA's anti-discrimination provisions at 42 U.S.C. § 12112(b)(2) & (b)(5)(A), and retaliated against him in violation of 42 U.S.C. § 12203(a) & (b). Pending before the Court are a number of motions.

I.

Pending is the Plaintiff's Motion to Refer this matter to the Illinois Supreme Court, pursuant to Circuit Rule 52, for a determination as to whether or not Sanders was subjected to unfair labor practices when he was disciplined and then discharged on November 23, 2010.

Seventh Circuit Court Rule 52 provides:

(a) When the rules of the highest court of a state provide for certification to that court by a federal court of questions arising under the laws of that state which will control the outcome of a case pending in the federal court, this court, sua sponte or on motion of a party, may certify such a question to the state court in accordance with the rules of that court, and may stay the case in this court to await the state court's decision of the question certified. The certification will be made after the briefs are filed in this court. A motion for certification shall be included in the moving party's brief.

(b) If the state court decides the certified issue, then within 21 days after the issuance of its opinion the parties must file in this court statements of their positions about what action this court should take to complete the resolution of the appeal.

Because Circuit Rule 52 authorizes action on the part of the United States Court of Appeals for the Seventh Circuit and not the United States District Court, the Plaintiff's Motion will be DENIED.[1]

II.

Pending also is the Plaintiff's Motion for Reconsideration of the Denial of his Motion for Appointment of Counsel. In an Order on May 10, 2013, the Court denied the motion, finding that appointment of counsel was not warranted at that time.

Upon reviewing the Plaintiff's Motion for Reconsideration, the Court finds no basis to depart from its earlier decision. Accordingly, the Court will DENY the motion.

III.

The Defendant filed an Amended Motion to Dismiss the Plaintiff's Amended Complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The motion incorporates some of the

---

[1] It also appears that Plaintiff's request is entirely unrelated to the ADA claims at issue in this case. Therefore, denial would be appropriate under Rule 52(a) if the rule did apply.

arguments contained in a previous motion [Doc. No. 15], in addition to the new arguments asserted by DHFS.

A. Background

DHFS discharged the Plaintiff effective November 23, 2010. Sanders requested a hearing with the Illinois Civil Service Commission that concluded January 26, 2011.  In March 2011, an administrative law judge ("ALJ") issued a recommended decision, finding that DHFS proved Sanders violated its attendance policy and his discharge was warranted for that reason.  In April 2011, the Illinois Civil Service Commission affirmed the ALJ's decision.  After an administrative review hearing, the Circuit Court of Illinois affirmed the Commission's decision.  On April 9, 2013, the Fourth District Appellate Court of Illinois affirmed the circuit court's findings.  On June 10, 2013, Sanders filed a Petition for Leave to Appeal.  According to the Illinois Supreme Court leave to appeal dispositions, the Petition for Leave to Appeal was denied on September 25, 2013.

In this case, Sanders alleges that while employed with the Defendant, DHFS violated his rights pursuant to the ADA's anti-discrimination provisions at 42 U.S.C. § 12112(b)(2) and 12112(b)(5)(A), and that DHFS retaliated against him in violation of 42 U.S.C. § 12203(a) & (b).

In addition to allegations directed against DHFS, Sanders makes allegations against the Illinois Department of Central Management Services, unnamed non-party Veronica Tozer, and AFSCME.  The Plaintiff alleges that based on the actions of his former employer, he was subjected to a layoff in violation of the AFSCME contract.  Moreover, the work hours and work rules were different at his new employer DHFS.  Sanders further states that his counsel in another case with a different state agency withdrew from representation.  Additionally, while working for his former employer and DHFS, Sanders took sleeping medication and had work-related stress.  This led to his failure to report unscheduled absences resulting in his discharge at DHFS which, according to the Plaintiff, was in violation of the AFSCME contract

B. Discussion

(1)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted). Although courts liberally construe a pro se plaintiff's pleadings, the plaintiff must follow procedural rules. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). All well-pleaded facts are taken as true and the Court draws all reasonable inferences in the plaintiff's favor. *See D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 682 (7th Cir. 2013). "[A] party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

A court considering a motion to dismiss under Rule 12(b)(1) accepts as true all well-pleaded facts of the complaint and draws all reasonable inferences in the plaintiff's favor. *See Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012).

(2)

In its Amended Motion to Dismiss, DHFS asserts at least three reasons why the Amended Complaint must be dismissed. First, it contends this Court is barred under the *Rooker-Feldman* doctrine from reviewing final decisions of state courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).

The Defendant also reiterated the arguments contained in its first Motion to Dismiss the Amended Complaint, contending that the Amended Complaint fails to state a claim and fails to give fair notice of the grounds upon which any claim against DHFS rests.

DHFS asserts that Sanders has not alleged a cause of action for a violation of any provision of the ADA, contending he cannot state a

claim for disability under the ADA. The Defendant also alleges that Plaintiff has not sufficiently alleged DHFS violated § 12112(b)(2) of the ADA by engaging in a contractual or other relationship that violated the Act. The Defendant further contends that Sanders has not alleged a viable failure to accommodate claim pursuant to § 12112(b)(5)(A) of the ADA.

Additionally, the Defendant claims that Plaintiff has not alleged a cause of action against DHFS for retaliation pursuant to the ADA. The applicable statute provides, "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). Subsection (b) provides "It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise

or enjoyment of, any right granted or protected by this chapter." 42 U.S.C. § 12203(b).

The Court finds that dismissal is appropriate based on the other reason asserted by the Defendant. The Plaintiff's claims are barred by the doctrine of claim preclusion, which is also known as *res judicata*. This doctrine bars a second suit when there exists: "(1) an identity of the causes of actions; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Kratville v. Runyon*, 90 F.3d 195, 197 (7th Cir. 1996). Pursuant to 28 U.S.C. § 1738, federal courts must give state court judgments "the same full faith and credit . . . as they have by law or usage in the courts of such State."

A court may take judicial notice of public court documents and may consider those documents along with the allegations in the complaint without converting a motion to dismiss into a motion for summary judgment. *See Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994).

Sanders appealed his discharge from DHFS to the Illinois Civil Service Commission and lost, sought administrative review before the Circuit Court of Illinois and lost, sought appellate review in the Fourth District Appellate Court and lost. The Fourth District found that "the Commission's decision to discharge Sanders, even in light of Sanders' use of prescription sleep medicine, was not arbitrary or unreasonable." The Plaintiff's Petition for Leave to Appeal was denied. The Court has taken judicial notice of the decision of the Fourth District Appellate Court and the Illinois Supreme Court's denial of the Plaintiff's Petition for Leave to Appeal.

Because the parties are identical and there was a final judgment, the only question for *res judicata* purposes is whether there is an identity between causes of action. The Court concludes that there is.

The Illinois Supreme Court deems a prior judgment conclusive not only to matters that were actually determined in the action, but also as to other matters that could have been raised and determined. *See Hughey*

*v. Industrial Commission*, 76 Ill.2d 577, 582 (1979). The Seventh Circuit explained the logic of that rule:

> The principle that res judicata extends to all matters within the purview of the original action, whether or not they were actually raised, is tantamount to a rule requiring parties to consolidate all closely related matters into one suit. As such, the principle serves well the interest of judicial economy, and thus is at the core of the res judicata doctrine. Two corollaries of that principle are also of fundamental importance to the Illinois's res judicata doctrine. First is the rule that a party may not maintain two suits based on the same set of facts by the simple expediency of limiting the theories of recovery advanced in the first.

*Hagee v. City of Evanston*, 729 F.2d 510, 514 (7th Cir. 1984). If the allegations in this suit could have been raised previously, then Plaintiff has had a "full and fair opportunity to litigate the propriety of his discharge in state court" and is foreclosed from doing so now. *See Abner v. Illinois Department of Transportation*, 674 F.3d 716, 722 (7th Cir. 2012).

Because Sanders had a full and fair opportunity to litigate his claims in the administrative proceeding, which was subject to judicial review, the Court concludes that his current claims are barred by *res*

11

*judicata*. Although the Plaintiff claims in his response that he did not make certain arguments before the Illinois state tribunals, the question is whether he could have raised those claims. Nothing precluded the Plaintiff from bringing his ADA and retaliation claims in the state proceedings. Pursuant to *Hagee*, the Plaintiff is foreclosed from bringing those claims in this proceeding. Accordingly, the claims are barred pursuant to the doctrine of *res judicata*.

IV.

Pending also is the Plaintiff's Motion to Amend his Amended Complaint. Sanders seeks leave, pursuant to Rule 15(a)(2), to file a second amended complaint because of two typographical errors. Paragraph 35 of the operative Amended Complaint states "That Plaintiff is a qualified individual with a disability within the meaning of Section 101(8) of the ADA because he has a record of impairment and is perceived as being disabled by HFS and CMS. Plaintiff also claims a disability pursuant from 42 U.S.C. § 12102(1)." The paragraph contains a typographical error. The Plaintiff states that paragraph 35 was

intended to read: "<u>That Plaintiff is a qualified individual with a disability within the meaning of 42 USC 12111 Section (8) of the ADA</u> because he has a record of impairment and is perceived as being disabled by HFS and CMS.  Plaintiff also claims a disability pursuant from 42 U.S.C. 12102(1)."

Sanders also requests that page 10 of the Amended Complaint be revised as indicated in his proposed amended complaint.

The Plaintiff's proposed amended complaint merely fixes a few typographical errors and does not address the previously discussed legal deficiencies in his operative Amended Complaint.  Because the Plaintiff's proposed amendments do not cure the defects of the Amended Complaint, the Court will DENY the motion.

<u>Ergo</u>, the Plaintiff's Motion to Refer this Matter to the Illinois Supreme Court pursuant to Circuit Rule 52 [d/e 24] is DENIED.  The Plaintiff's Motion for Reconsideration of the Denial of his Motion for Appointment of Counsel [d/e 37] is DENIED.  The Defendant's First Motion to Dismiss [d/e 15] is DENIED AS MOOT.  The Defendant's

Amended Motion to Dismiss [d/e 28] is ALLOWED. The Plaintiff's Motion for Leave to Amend his Amended Complaint [d/e 34] is DENIED. The Plaintiff's Motion to have all filings forwarded by email [d/e 39] is DENIED.

The Clerk will enter Judgment in favor of the Defendant and against the Plaintiff.

ENTER: February 6, 2014

        FOR THE COURT:

                          *s/ Richard Mills*
                          Richard Mills
                          United States District Judge